```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JESUS CHIVILCHEZ,

                Petitioner,

vs.                       Case No. 2:09-cv-475-FtM-29SPC

ERIC H. HOLDER, Attorney General of the United States, JANET NAPOLITANO, Secretary of Department of Homeland Security, DAVID L. NEAL, Acting Chairman Executive Office of Immigration Review, MICHAEL C. MCGOINGS, Acting Chief Immigration Judge, Board of Immigration Appeals, MICHAEL ROZOS, Field Office Director of Immigration and Customs Enforcement in Miami, Florida,

                Respondents.
_____

## OPINION AND ORDER

This matter comes before the Court on a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2241 filed on June 12, 2009, in the Southern District of Florida and transferred to the Middle District of Florida, Fort Myers Division pursuant to an Order (Doc. #11) on July 22, 2009, because petitioner Jesus Chivilchez (Petitioner) is being held in detention by the United States Department of Homeland Security in Moore Haven, Florida. Petitioner claims that he is entitled to a bond hearing by an Immigration Judge, but has been denied such a detention hearing based upon an erroneous interpretation of 8 U.S.C. § 1226(c).

On April 22, 2009, Petitioner was arrested in Miami-Dade County for leaving the scene of an accident and driving with a suspended license. (These criminal charges were dismissed on May 27, 2009.) On April 29, 2009, the Department of Homeland Security served Petitioner with a Notice to Appear charging him with being subject to removal under the Immigration and Naturalization Act as an alien who was not admitted or paroled into the United States, and as an alien who at the time of applying for admission into the United States did not have the required documentation. (Doc. #1, pp. 12-14.) On May 20, 2009, an Immigration Judge found Petitioner was subject to mandatory detention under § 1226(c), and therefore was not eligible for a bond hearing. (<u>Id.</u> at p. 21.) On June 12, 2009, Petitioner filed a motion for reconsideration of the bond determination, but the request for a bond hearing was denied on June 20, 2009.

In pertinent part, § 1226(c) provides that the Attorney General shall take into custody any alien who has committed certain qualifying offenses. Petitioner concedes that he was convicted of crimes that would subject him to mandatory detention, but asserts that he is not eligible for mandatory detention because those crimes were committed before the effective date (October 9, 1998) of § 1226(c). Rather, Petitioner asserts, an alien who commits a crime listed in § 1226(c) before the effective date of that provision is not subject to mandatory detention. In other words, for detention to be mandatory, the arrest on the underlying

conviction must have occurred after the effective date of § 1226(c).

In Demore v. Kim, 538 U.S. 510 (2003), an alien had been convicted of qualifying offenses prior to the effective date of § 1226(c). The alien did not dispute the conclusion that he was subject to mandatory detention under § 1226(c), but argued that due process was violated without a determination that he posed either a danger to society or a flight risk. The Supreme Court reversed the lower court's determination, and found that § 1226(c)'s absolute prohibition on release of such an alien was constitutional.

The Court determines that pursuant to § 1226(c) Petitioner was not entitled to a bond hearing. Therefore, Petitioner is not being held unlawfully, and his 28 U.S.C. § 2241 petition is denied.

Accordingly, it is now

**ORDERED:**

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED**.

2. The Clerk shall enter judgment accordingly, terminate all deadlines, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of July, 2009.

*John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record